Bullard, J.
The plaintiff sues to annul a conveyance of a tract of land by A. andE. A. Ratcliff to Bury and Little, the defendants, which he alleges was procured by false and fraudulent misrepresentations and devices, to his prejudice as a previous purchaser from the same persons, to the knowledge of one of the defendants, who acted as the agent of the other, although Iris deed had not been recorded in the parish in which the land is situated. He asks for judgment to that effect, and to be declared owner of the land, and for damages.
The defendants pleaded to the jurisdiction of the court, on the ground, that the parish in which the suit was brought, is neither the place of their residence, nor that in which the land is situated, and that the action is essentially real and petitory. This exception was, we think, properly overruled; because the action is rather personal, and to obtain redress for a fraud alleged to have been perpetrated, the effect of which was to deprive the plaintiff of a right, previously acquired as between the parties, than a real one to recover the land itself in the adverse possession of the defendants. It is true, the annulling of the contract *81 on the ground of fraud, will have the effect to confirm, as against the defendants, his title to the land ; but the gist of the action is the cancelling of a contract.
The defendants then pleaded to the merits. There was a verdict for the plaintiff, annulling the sale, as fraudulent, and for $400 damages, and the defendants appealed.
From the evidence in the record we have not found it difficult to conclude, that one of the defendants, acting for both, obtained the conveyance in question by false representations, with a knowledge of the previous rights of the plaintiff. It is not necessary to recapitulate the evidence, nor to go into any detail of the facts.
But the appellants contend, that the verdict is erroneous, in not deciding as between the defendants and their warrantors. We cannot regard the Ratcliffs as warrantors to the defendants. If they were induced to assent by fraud and deception, there was no valid consent, and the contract of sale, from which the obligations of warranty result, never existed ; or, if so, has been avoided and annulled for want of such assent. The right of the defendants to recover back from the Ratcliffs, what was really paid on such a contract, may well be questioned under the maxim, ex turpi causa non oritur actio; but, at least, under the circumstances disclosed in this case, there was no warranty in a legal sense.
It is further contended that the defendant, Little, not being personally cited, was improperly ruled to answer, and that the action could only be brought against him by attaching his property. The record shows, that a curator, ad hoc, was appointed, and that he answered. This was regular, according to the uniform decisions of this court.
It is also urged, that the verdict is erroneous in giving damages to the amount of $400. Upon this it is enough to say, that it was a proper case for damages, and the jury was competent to fix their amount. The conduct of the defendant was evidently the result of a design to injure the plaintiff; and the trouble and expense of defending and vindicating himself, form a good ground for estimating the amount. We cannot say the damages were excessive.

Judgment affirmed.